# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

HILDA SOLIS, Secretary of Labor,
United States Department of Labor,

                Plaintiff,

                                            **Case No. 10-C-176**

        -vs-

STEVEN D. WESTRA, PATRICK FLYNN,
and DONALD F. THAYER, JR., individually
and as Trustees to the WESTRA CONSTRUCTION,
INC. EMPLOYEE STOCK OWNERSHIP PLAN,
and the WESTRA CONSTRUCTION INC.
EMPLOYEE STOCK OWNERSHIP PLAN,

                Defendants.

---

## DECISION AND ORDER

---

    This is an action brought by the Secretary of the Department of Labor under the Employment Retirement Income Security Act ("ERISA"), alleging that Steven Westra, Patrick Flynn and Donald Thayer breached their fiduciary duties as trustees to the Westra Construction Employee Stock Ownership Plan ("ESOP"). Steven Westra moves to dismiss for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

    At all relevant times, Steven Westra was the Chairman of the Board of Westra Construction, Inc. ("WCI"), a nationwide general contractor performing commercial, industrial, institutional and retail construction work. All of WCI's public, and many of its private customers, required surety bonding. From January 2001 through November 30, 2003, WCI's surety bonding was provided by CNA Surety Company.

On October 9, 2003, Westra directed the ESOP to purchase, primarily with WCI's liquidated Retirement Plan contributions, 40,000 shares of non-voting convertible preferred WCI stock for $4 million (at $100 per share). The ESOP governing documents required that the initial purchase of WCI stock should be effected, in part, by the fiduciaries' reliance on a fairness opinion by an independent party and a valuation prepared by an independent valuator. WCI selected Fiduciary Services Inc. ("FSI") to prepare a fairness determination and to negotiate the terms of WCI's offer to sell its stock to the ESOP. FSI retained Advanced Valuation Analytics ("AVA") to prepare a valuation report and a fairness opinion letter. However, the Secretary alleges that Westra caused this transaction to occur without informing FSI and AVA that WCI's surety coverage was due to expire on November 30, 2003. "Accordingly, S. Westra caused the ESOP to enter into the ESOP transaction after the receipt of a draft valuation report and a final fairness opinion from AVA, and a draft fairness determination from FSI when S. Westra knew or should have known that these reports were based on incomplete and inaccurate information about WCI's financial condition and surety bond program." Amended Complaint, ¶ 25. On July 9, 2005, WCI ceased operations, rendering the stock purchased by the ESOP worthless.

Under Federal Rule of Civil Procedure 8(a)(2),[1] a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A pleading that

---

[1] Westra argues, incorrectly, that the amended complaint is subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008) ("In this case, the plaintiffs do not allege fraud, only breaches of fiduciary duties and ERISA violations. As such, we apply the more lenient pleading standard of Federal Rule of Civil Procedure 8(a)(2)"); *In re Enron Corp.*, 284 F. Supp. 2d 511, 652 (S.D. Tex. 2003) ("ERISA does not have heightened pleading requirements").

offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly* at 570. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1950 (2009). Ultimately, a defendant is owed "fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "Our system operates on a notice pleading standard; *Twombly* and its progeny do not change this fact." *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009); *Smith v. Duffey*, 576 F.3d 336, 339-40 (7th Cir. 2009) (noting courts' over reliance on *Twombly*).

The amended complaint alleges that Westra is a fiduciary to the ESOP and that he breached his fiduciary duties when he failed to inform FSI and AVA about the impending termination of CNA's surety bond program. 29 U.S.C. § 1104(a)(1)(A) & (B) (describing prudent man standard of care). The amended complaint also alleges that Westra caused the ESOP to engage in a prohibited transaction with WCI, a "party in interest" to the ESOP. 29 U.S.C. § 1102(14)(C) ("party in interest" is an employer any of whose employees are covered by an employee benefit plan); 29 U.S.C. § 1106(a)(1)(A) & (D) (fiduciary shall not engage in prohibited transactions with party in interest). Finally, the amended complaint alleges that Westra's participation in the transaction was unlawful because Westra's interests as Chairman of WCI were adverse to the interests of the ESOP, its participants and

beneficiaries. 29 U.S.C. § 1106(b)(2). These rather detailed allegations give Westra adequate notice of plausible claims for relief under the above-cited ERISA provisions.

Westra also moves to dismiss for failure to join FSI, AVA, and WCI as indispensable parties. Fed. R. Civ. P. 12(b)(7); Fed. R. Civ. P. 19(a). Co-fiduciary liability under ERISA is joint and several. *In re Masters Mates & Pilots Pension Plan & IRAP Litig.*, 957 F.2d 1020, 1023 (2d Cir. 1992); 29 U.S.C. § 1105(a)(2); 29 U.S.C. § 1109. Plaintiffs can bring actions "against some of the fiduciaries without bringing an action against all of them." *District 65 Ret. Trust for Members of Bureau of Wholesale Sales Representatives v. Prudential Sec., Inc.*, 925 F. Supp. 1551, 1565 (N.D. Ga. 1996). Therefore, neither FSI, AVA, or WCI are indispensable parties because the Court can "afford complete relief among the existing parties." Fed. R. Civ. P. 19(a)(1)(A); *VMS/PCA Ltd. P'ship v. PCA Partners Ltd. P'ship*, 727 F. Supp. 1167, 1172 (N.D. Ill. 1989) (complete relief can be accorded among the existing parties "since the tortfeasors who remain in the suit would be liable for the full amount of damages").

Westra argues that FSI is an indispensable party under Rule 19(a)(1)(B) because FSI has "an interest relating to the subject of the action" and is situated in a way that disposing of the action in FSI's absence would "as a practical matter impair or impede" FSI's ability to protect that interest. But the premise of the amended complaint is that Westra, Flynn and Thayer intentionally *deceived* FSI during the evaluation process. FSI's conduct is not an ultimate or dispositive issue in this case.

Finally, the Secretary requests an order directing the U.S. Marshal's Service to serve process on defendant Donald Thayer. This motion will be granted.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1.      Westra's motion to dismiss [D. 14] is **DENIED**;

2.      The Secretary's motion for leave to serve Donald Thayer via the U.S. Marshal's Office [D. 23] is **GRANTED**. The U.S. Marshal is directed to serve Donald Thayer with a copy of the summons [D. 22-1] and the amended complaint [D. 13].

Dated at Milwaukee, Wisconsin, this 23rd day of September, 2010.

**SO ORDERED,**


*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**