# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF WISCONSIN

---

**HILDA L. SOLIS,** Secretary of Labor, :
United States Department of Labor, :
:
:
                         Plaintiff, :
:
                v. :    Case No. 10-CV-00176-RTR
:
**STEVEN D. WESTRA, PATRICK FLYNN,** :
and **DONALD F THAYER, JR.,** individually and :
as Trustees to the **WESTRA CONSTRUCTION,** :    Honorable Rudolph T. Randa
**INC. EMPLOYEE STOCK OWNERSHIP** :
**PLAN,** and the **WESTRA CONSTRUCTION,** :
**INC. EMPLOYEE STOCK OWNERSHIP** :
**PLAN,** :
:
                      Defendants. :

---

## CONSENT JUDGMENT AND ORDER AS TO DEFENDANTS

Hilda L. Solis, Secretary of Labor, United States Department of Labor ("the Secretary"), pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1001, *et seq.*, filed a complaint on March 3, 2010 and a First Amended Complaint on June 18, 2010 against the above captioned defendants.

Upon consideration of the record herein, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Judgment.

**WHEREAS**, defendants and the Secretary having agreed to the terms of this Judgment, subject to its approval by the Court, and with due consideration and being fully advised of the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. All current fiduciaries of the Westra Construction, Inc. Employee Stock Ownership Plan ("ESOP") are removed.

2. Larry Lefoldt, 690 Towne Center Blvd., Ridgeland, Mississippi 39157 is appointed as the independent fiduciary of the ESOP to administer the ESOP and to terminate the ESOP consistent with the ESOP's governing documents, the Internal Revenue Code, and the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1001, et seq.

3 The independent fiduciary believes that his fees and expenses shall not exceed $15,500.00. Prior to paying any independent fiduciary fees or expenses, the independent fiduciary shall present to the court an itemized fee application, including hourly rates of pay, and dates and hours of work, accompanied by a description of the work performed, as well as an itemized statement of expenses. The independent fiduciary shall provide to the Regional Director of the Employee Benefits Security Administration ("EBSA"), 230 South Dearborn, Suite 2160, Chicago, Illinois 60604 ("EBSA Regional Director") a copy of said fee application when it is filed with the court. Absent objection from the Secretary within fifteen (15) business days, the fee application shall be deemed approved and paid from the assets of the ESOP. If the Secretary objects, the court will decide whether the independent fiduciary's fee/expense request should be granted.

4. The independent fiduciary shall have and shall exercise full authority and control with respect to the management and/or disposition of the assets of the ESOP, including acceptance and distribution of any monetary payments made by the defendants pursuant to any agreement entered into by the defendants and the Secretary.

5. Upon final termination of the ESOP and distribution of the ESOP's assets, the

independent fiduciary shall provide proof of such termination and distribution of the ESOP's assets to the EBSA Regional Director.

6. Each party agrees to bear his/her own attorneys' fees, costs, and other expenses incurred by such party in connection with any stage of this proceeding to date including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

7. The undersigned representatives of the parties each expressly acknowledge and represent that they are authorized and empowered to execute this agreement on behalf of the parties represented.

8. All other terms relating to the resolution of this matter are contained in separate Settlement Agreements executed by the parties.

Dated at Milwaukee, Wisconsin, this 7th day of December, 2011.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**